# United States District Court

SOUTHERN _____ DISTRICT OF _____ OHIO

UNITED STATES OF AMERICA

V.

WILLIAM RAY EASTHAM

**WARRANT FOR ARREST**

CASE NUMBER: CR-1-01-61

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest __WILLIAM RAY EASTHAM__
                                                                Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☐ Complaint  ☐ Order of Court  ☐ Violation Notice  ☒ ~~Probation~~ Supervised Release Violation Petition

charging him or her with   (brief description of offense)

**SEE ATTACHED**

in violation of Title _____ United States Code, Section(s) _____

JAMES BONINI
Name of Issuing Officer

[signature]
Signature of Issuing Officer

CLERK
Title of Issuing Officer

1|13|04  Cincinnati, Ohio
Date and Location

Bail fixed at $ _____ by _____
                                             Name of Judicial Officer

---

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant at _____
IRONTON, OHIO / CATLETTSBURG, KY

| DATE RECEIVED 1-13-04 | NAME AND TITLE OF ARRESTING OFFICER JOEL J. KIMMET, Deputy U.S. Marshal | SIGNATURE OF ARRESTING OFFICER [signature] |
| DATE OF ARREST 11-12-04 | | |

49

PROB 12C
Rev 2/03

Rec'd 1/12/04
QAB

# United States District Court

## for

## Southern District of Ohio

### Petition for Warrant or Summons for Offender Under Supervision

| | | | |
|---|---|---|---|
| Name of Offender: | William Ray Eastham | | Case Number: 1:01CR00061 |

Name of Sentencing Judicial Officer:   The Honorable Herman J. Weber,
United States Senior District Judge

Date of Original Sentence:   March 13, 2002

Original Offense:   Distribution of Oxycontin (Oxycodone), Count One

Original Sentence:   18 month(s) prison, 36 month(s) supervised release

Type of Supervision: Supervised Release         Date Supervision Commenced: April 10, 2003

Assistant U.S. Attorney: Timothy Oakley, Esq.      Defense Attorney: Gregory D. Delev, Esq.

## PETITIONING THE COURT

[ X ]   To issue a warrant AMENDED 12 C: WARRANT PREVIOUSLY ISSUED ON 7/23/03
[ ]    To issue a summons
[ ]    To grant an exception to revocation without a hearing.

The probation officer finds, under penalty of perjury, that probable cause to believe the defendant has violated one or more conditions of supervision exists:

| Violation Number | Nature of Noncompliance |
|---|---|
| #1 No New Law Violation | On July 11, 2003, a warrant was issued for Mr. Eastham with the Lawrence County Prosecutor's Office in Ironton, Ohio, for Felonious Assault (CRA300642). The warrant remains active at this time. |
| #2 No New Law Violation | On August 9, 2003, Eastham was arrested by Ashland Police, for Driving Under the Influence, Driving Under Suspension, and Failure to Stop at a Stop Sign. He was also arrested for Two Counts of Assault, Fleeing, and Wanton Endangerment. He also had two outstanding warrants. One by the United States Marshall for Violation of Supervised Release in this case, and also for Lawrence County. In contacting Boyd County Circuit Court, these cases had been continued until January 12 and 14, 2004. In the meantime, he remains in custody. |
| #3 Failure to report or complete monthly report forms. | This officer last met with Mr. Eastham on May 9, 2003 despite making additional home visits and telephone calls. He also last submitted his monthly report on June 12, 2003. |
| #4 Failure to report change of address. | On June 17, 2003, this officer met with Mr. Eastham's brother at their home. Eastham was advised to contact this officer immediately. This officer also spoke with Eastham's mother who stated he was no longer living with her, and he was using drugs. |

I certify that this is a true and correct copy of the original filed in my Office on 1-13-04.
JAMES BONINI, CLERK
BY: [signature]
   Deputy Clerk
DATE 1-13-04

4/8

| | |
|---|---|
| #4 Special Condition: No use of drugs. | On May 26, 2003, Eastham was placed on the Color Code System requiring random urinalysis. He tested positive for cocaine on June 17, 2003 and has not called the color code as ordered. |
| #5 Failure to pay financial obligation | Mr. Eastham has not paid any money toward his fine or special assessment since being on supervision. His balance is $550.00. |

U.S. Probation Officer Recommendation:

On March 13, 2002, Mr. Eastham appeared before the Honorable Herman J. Weber, United States Senior District Judge for the Southern District of Ohio and was sentenced to eighteen months imprisonment followed by three years supervised release after having been charged with Distribution of Oxycontin. As a condition of his supervised release, he was ordered to participate in substance abuse treatment at the direction of the probation office, pay a $100 special assessment fee and $500 fine, and until fine is paid in full, he is prohibited from incurring new credit charges or opening additional lines of credit and shall provide the probation office access to any requested financial records.

On April 10, 2003, Mr. Eastham was released from the Bureau of Prisons to begin his three year term of supervised release. On May 9, 2003, this officer met with Mr. Eastham at his home and went over his terms of supervised release including all of the necessary forms. Mr. Eastham agreed to abide by them and stated he understood them. He also submitted to urinalysis which was negative. Mr. Eastham was administered the Substance Abuse Subtle Screening Inventory (SASSI) to determine whether or not he needed substance abuse counseling. Although the assessment later revealed he could benefit from treatment, Eastham stated he did not want to attend treatment. He agreed to be monitored for random urinalysis and was instructed to contact The Family Guidance Center in Ironton, Ohio, for their color code which requires an individual to call their office Sunday through Thursday, to determine whether or not the individual needed to report the following day for urinalysis.

On May 26, 2003, this officer spoke with Mr. Eastham, and he was instructed to call the color code immediately. If he tested positive, he would then be referred to treatment, and he agreed. He did not begin calling until June 9, 2003 and was not consistent in calling. He was required to report for urinalysis on June 4, June 10, June 16 and June 25, 2003, but he only submitted to urinalysis on June 17, 2003, which was positive for cocaine.

On June 17, 2003, this officer went by Eastham's residence and spoke with his brother. He stated that Eastham was not at home, but would tell him this officer came by. Later in the evening, this officer spoke with Eastham's mother, who seemed hesitant to provide this officer with any information. She advised he was doing alright, but he could not find a job.

On June 23, 2003, this officer again spoke with Eastham's mother who advised her son was no longer living with her, and he was using drugs. She also accused him of stealing from her. Eastham was instructed to call this officer immediately, but he never called.

On August 9, 2003, Eastham was arrested by Ashland Police Department for Driving Under the Influence, Driving Under Suspended License and Failure to Stop at a Stop Sign. In this case, officer's observed Eastham's vehicle slide sideways and run through a stop sign coming from the Kroger parking lot. Kroger employees were waving and pointing at the vehicle (as the original call was for shop lifting in progress). Eastham failed to stop the vehicle and officer's observed the person driving erratically as it failed to stop for the police. The vehicle ran off the road several times. The car eventually stopped, and Eastham ran on foot. When he was finally apprehended, he began resisting. During the struggle, Eastham kicked and elbowed the officer several times in the leg and stomach. He also assaulted another police officer, who was treated at the hospital and released. He was charged with Wonton Endangerment, because during the above situation, he had a female passenger in the car. He put the passenger at risk by not stopping the vehicle and endangered her life. The arresting officer was then informed Eastham was a fugitive from justice out of Ohio and was taken into custody. The above charges have been continued until January 12 and 14, 2004.

The term of supervision should be
- [X] Revoked.
- [ ] Extended for years, for a total term of years.
- [ ] Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
- [ ] The conditions of supervision should be modified as follows:

Respectfully submitted,

by *[signature]*

**Darla J. Huffman**
U.S. Probation Officer
Date: January 4, 2004

Approved,

by *[signature]*

Supervising U.S. Probation Officer
Date: January 4, 2004

---

THE COURT ORDERS:

- [ ] No Action
- [✓] The Court finds that there is probable cause to believe the defendant has violated the conditions of his/her probation/supervised release and orders the Issuance of a Warrant for his/her arrest.
- [ ] The Issuance of a Summons
- [ ] The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
- [ ] Other

*[signature]*
Signature of Judicial Officer

1/13/04
Date