IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CR-1-01-61-02

WILLIAM EASTHAM,

        Defendant.

SUPERVISED RELEASE VIOLATION
ORDER

    The defendant was sentenced on March 13, 2002 for a violation of Title 21, Section 841 of the United States Code. The defendant was **COMMITTED TO THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS** for a period of **EIGHTEEN (18) MONTHS and following incarceration, a term of SUPERVISED RELEASE of THREE (3) YEARS** with the special condition that he undergo a substance abuse assessment and participate in substance abuse treatment at the direction of the Probation Office and payment of a $500.00 fine. Additionally, he was ordered to comply with the standard terms and conditions of Supervised Release and pay a special assessment of $100.00.

    A Petition for Warrant or Summons for Offender Under Supervision was filed in this Court and a Warrant issued.

    The defendant appeared with counsel, Richard Smith-Monohan, Esq. before this Court for a Supervised Release Violation Hearing on December 1, 2004. The Court, being fully advised from the evidence and testimony adduced and the statements made at said hearing, the information contained in the Petition, the Violation Report and the Addendum finds the defendant has violated the following Conditions of Supervised Release:

Mandatory Condition #1: the defendant shall not commit a federal, state, or local crime; Standard Condition # 2: the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the

first five days of each month;
Standard Condition # 6:  the defendant shall notify the probation officer within seventy-two hours of any change in residence;
Special Condition: the defendant shall participate in the color code system requiring random urinalysis; and
Special Condition: the defendant shall pay a fine of $500.00 and a special assessment of $100.00.

Pursuant to § 7B1.1(b), where there is more than one violation of the conditions of supervision or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious offense. The most serious violation is Grade A in nature pursuant to U.S.S.G. § 7B1.1(a)(1) because it involves conduct constituting an offense punishable by a term of imprisonment exceeding one year that is a crime of violence.

In accordance with § 7B1.3(a)(1), upon finding a Grade A violation, the Court shall revoke Supervised Release. Pursuant to Title 18 U.S.C. § 3583, because the violations include the defendant's failure to submit to required drug tests, the Court shall revoke supervised release.

Pursuant to U.S.S.G. § 7B1.4(a), in the case of a revocation of Supervised Release, based upon a Grade A violation and the original Criminal History Category of IV, the guideline imprisonment range is 24 to 30 months. As specified by U.S.S.G § 7B1.4(b)(2), where the minimum term of imprisonment required by statute, if any, is greater than the maximum of the applicable range, the minimum term of imprisonment required by statute shall be substituted for the applicable range.

Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation should be ordered to be paid or served, in addition to the sanction determined under § 7B1.4.

Pursuant to § 7B1.3(f), any term of imprisonment imposed upon the revocation of supervised release shall be ordered to be served consecutively to any other sentence of imprisonment that the defendant is serving.

Pursuant to Title 18, U.S.C. § 3565(a), therefore,

**IT IS ORDERED** that defendant William Eastham's Supervised Release be **REVOKED** and the defendant is committed to the custody of the United States Bureau of Prisons for a period of **TWENTY-FOUR (24) MONTHS**. The defendant shall pay the remainder of the fine of $500.00 and the special assessment of $100.00 previously ordered.

3

The defendant is remanded to the custody of the United States Marshals. The Court recommends to the Bureau of Prisons the defendant be housed in a facility in the Commonwealth of Kentucky as near to Ironton, Ohio as is possible.

Both parties are notified by this Court that each of you have a right to appeal this sentence, and if you are unable to pay the cost of an appeal, you have the right to apply to this Court for leave to proceed in forma pauperis. If you are indigent and cannot retain a lawyer, you may apply and one will be appointed to represent you on your appeal.

You are further advised that, in accordance with the provisions of Rule 4(b) of the Rules of Appellate Procedure, you must file your notice of appeal with the Clerk of the United States District Court within 10 days of the filing of judgment which will be filed on December 2, 2004. **Ten days from the filing of the judgment is December 13, 2004.**

The Court does hereby advise you that if you so request, the Clerk of this Court will prepare and file forthwith a notice of appeal on your behalf. It is further ordered that the defendant shall notify the United States Attorney for the Southern District of Ohio within 30 days of any change in residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

**IT IS SO ORDERED.**

_____
Herman J. Weber, Senior
United States District Judge
12/2/04
Date

J:\DOCUMENT\NEW_JUDGEMENT\2001\01-61-2.SRV.wpd